IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-02446-MSK-OES

LINDOE, INC., a Colorado corporation,

    Plaintiff,

v.

PINE RIVER BANK CORP., a Colorado corporation,
FIRST NATION BANK OF LAKE CITY & CREEDE,
a Colorado state depository corporation, and
JULIE L WILLIAMS, Acting Comptroller of the Currency of the United States,

    Defendants.

_____

**ORDER ADOPTING RECOMMENDATION IN PART, BIFURCATING CASE,
AND SETTING BRIEFING SCHEDULE**
_____

**THIS MATTER** comes before the Court pursuant to the March 28, 2005 Recommendation **(# 23)** of United States Magistrate Judge O. Edward Schlatter that Defendant Williams' Unopposed Motion to Partially Vacate Scheduling Order **(# 13)** be granted, that the case be bifurcated pursuant to Fed. R. Civ. P. 42(b), and that that portion of the case involving Defendant Williams be transferred to the Court's AP docket as an appeal from the decision of an administrative agency; and the Defendants' Motion for Ruling **(# 27)** on the Recommendation.

    More than 10 days have passed since the Magistrate Judge's Recommendation, and no party has filed objections pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b).  Under these circumstances, the Court reviews the Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).  The Court has reviewed the Recommendation under the otherwise applicable *de novo* standard of Fed. R.

Civ. P. 72(b).

Upon *de novo* review, this Court agrees with the Magistrate Judge that the claim against Defendant Williams is essentially an administrative agency appeal, but disagrees with the conclusion that transferring that case to the AP docket is the most efficient use of judicial resources.  For all practical purposes, the AP case raises similar factual-- if not legal-- issues as those that will remain pending against the remaining Defendants under the existing case number.  However, there is no procedure for assignment of related cases to the same judge. There is neither a need to create a separate case number and case file, nor is there any assurance that the same issues will be determined by the same judge if that occurred. Accordingly, the Court rejects that portion of the Recommendation that recommends transfer of the claim against Defendant Williams to the AP docket.

Rather, upon bifurcation, the Court will set a briefing schedule for the claim against Defendant Williams as follows: the Plaintiff shall submit its appellate brief, addressing jurisdiction, standard of review, the sufficiency of the Administrative Record filed at docket # 12 in this action, and the merits of the claim against Defendant Williams, on or before **September 16, 2005**; Defendant Williams shall file a response, addressing the same issues to the extent they are in dispute, on or before **October 21, 2005**; the Plaintiff shall file a reply brief, if any on or before **November 11, 2005**.  The Court will hear oral argument on this claim at **8:00 a.m.** on **Thursday, December 1, 2005** in Courtroom A-901.

Accordingly, the Court **ADOPTS IN PART** the Recommendation **(# 23)**, insofar as Defendant Williams' Motion to Partially Vacate Scheduling Order **(# 13)** is **GRANTED**, and the Court will bifurcate the claims against Defendant Williams pursuant to Fed. R. Civ. P. 42(b), and **REJECTS IN PART** the Recommendation, insofar as transfer of the claim against Defendant

Williams to the AP docket would create needless administrative burdens. The claim against Defendant Williams shall proceed as set forth in this Order, and the claims against the remaining Defendants shall proceed pursuant to the Magistrate Judge's Scheduling Order. The Defendants' Motion for Ruling **(# 27)** is **DENIED AS MOOT**.

Dated this 25th day of August, 2005

**BY THE COURT:**

Marcia S. Krieger
United States District Judge